United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDIMMA EZEOKOLI,<br>Plaintiff,<br>v.<br>YOUTH EMPLOYMENT PARTNERSHIP, INC.,<br>Defendant. | Case No. 26-cv-03717-EMC<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Docket No. 17 |

Plaintiff Chidimma Ezeokoli is a former employer of Defendant Youth Employment Partnership ("YEP"). YEP terminated her employment in November 2025. According to Ms. Ezeokoli, YEP terminated her in retaliation for complaining about disparate treatment (specifically, older men receiving more favorable treatment with respect to taking leave). Ms. Ezeokoli also asserts that YEP violated certain provisions in the California Labor Code. YEP has moved to dismiss all of the claims alleged in Ms. Ezeokoli's complaint. The Court held a hearing on the motion on August 20, 2026. This order memorializes the oral rulings made by the Court and provides additional analysis as necessary.

## I. <u>DISCUSSION</u>

### A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'"

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

B. Retaliation and Wrongful Termination Claims

Ms. Ezeokoli has asserted claims for retaliation (under Title VII) and wrongful termination in violation of public policy based on the same factual predicate – to wit, that she engaged in protected activity by complaining about discriminatory treatment favoring older men regarding leave time and that she was terminated as a result. *See, e.g.*, *Maner v. Dignity Health*, 9 F.4th 1114, 1127 (9th Cir. 2021) (stating elements of Title VII retaliation claim: "the plaintiff must show that he 'engaged in a protected activity; [] suffered an adverse employment action; and [that] there was a causal connection between the two'"). The Court agrees with YEP that Ms. Ezeokoli has failed to sufficiently plead claims for relief. Ms. Ezeokoli's email of October 29, 2025, does refer to differential treatment, but the email does not claim differential treatment on the basis of sex. Thus, the fact that Ms. Ezeokoli was terminated several days after her email does not give rise to a reasonable inference of retaliation based on protected activity – *i.e.*, complaining about discrimination unlawful under Title VII.

The Court acknowledges that, in her complaint, Ms. Ezeokoli does allege she made verbal complaints to her supervisor (Melissa) about disparate treatment based on sex – specifically, with respect to enforcement of leave policies. But the complaint does not identify when these complaints were made (other than that they were made some time before her October 29, 2025,

email). To the extent Ms. Ezeokoli has tried to address this problem in her opposition brief, *see* Opp'n at 4, that is unavailing because a Court's review on 12(b)(6) is of the complaint, not upon assertions made in a brief.

The Court thus dismisses the claims for retaliation and wrongful termination. However, it gives Ms. Ezeokoli leave to amend. Ms. Ezeokoli may replead her claims for retaliation and wrongful termination, so long as she complies with her Rule 11 obligation to plead factual allegations in good faith. *See* Fed. R. Civ. P. 11(b)-(c) (providing, *inter alia*, that a party's factual contentions must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" and that a failure to comply with Rule 11 may result in sanctions).

C. <u>Claim Based on Wage Statements and Vacation Benefits</u>

In addition to her retaliation and wrongful termination claims, Ms. Ezeokoli also asserts claims for violation of the California Labor Code. In Count 2, she maintains that YEP violated California Labor Code §§ 226 and 227.3.

"Under California Labor Code § 226, an employer must provide its employee with a written 'accurate itemized statement' including nine categories of payroll information." *Lewis v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:24-cv-01108-DC-DMC, 2025 U.S. Dist. LEXIS 153562, at *17 (E.D. Cal. Aug. 7, 2025). As for § 227.3, it provides: "[W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate . . . ." Cal. Lab. Code § 227.3.

YEP contends that Ms. Ezeokoli has failed to state a claim for relief under either statute because she has alleged in her complaint that YEP sent, and she received, four paychecks at the time of her termination. The problem for YEP is that it ignores Ms. Ezeokoli's implicit contention that YEP's assessment of what it owed her was *inaccurate*.

/ / /

/ / /

/ / /

United States District Court
Northern District of California

On the other hand, Ms. Ezeokoli did not, in her complaint, provide any details about how YEP failed to pay her for, *e.g.*, all of her vacation time. Similar to above, she has tried to cure this somewhat with more specifics in her opposition brief. *See, e.g.*, Opp'n at 5 (alleging that YEP paid her for only about 50% of the benefit payout owed ($1,617.28 out of $3,234.55); also alleging that YEP "attempted to apply vacation time to prior absences without Plaintiff's knowledge or consent" and thus her vacation balances were not accurately represented – which further "contributed to an inaccurate representation that Plaintiff had exhausted available leave"). But these more specific allegations made in her brief are not currently pled in her complaint.

Furthermore, Ms. Ezeokoli now – in her opposition brief – expands upon the scope of her claim and/or suggests new claims for relief. For example, in her brief she refers to a failure by YEP to reimburse for expenses.

Taking into account the above, the Court grants the motion to dismiss Count 2, but it again gives Ms. Ezeokoli leave to amend so long as she can do so in good faith. In her amended complaint, Ms. Ezeokoli may replead Count 2 but she must explain how her wage statements are inaccurate and why she was not paid her full vacation time. If Ms. Ezeokoli seeks to add a new claim for failure to reimburse for business expenses, she may do so, so long as she complies with Rule 11.

D. Claim Based on Employment Records

Finally, in Count 3, Ms. Ezeokoli has alleged claims for violation of Labor Code statutes related to employment records. Section 1198.5(a) provides: "Every current and former employee, or their representative, has the right to inspect and receive a copy of the personnel records that the employer maintains *relating to the employee's performance*, including education or training records, or to any grievance concerning the employee." *Id.* § 1198.5(a) (emphasis added). Under § 432, "[i]f an employee or applicant signs any instrument *relating to the obtaining or holding of employment*, he shall be given a copy of the instrument upon request." *Id.* § 432 (emphasis added).

/ / /

/ / /

United States District Court
Northern District of California

YEP moves for dismissal of Count 3 on the basis that it provided Ms. Ezeokoli with all records requested within the statutory timeframe. The problem is that, to support this argument, YEP relies on a declaration from its Director of Finance and Administration showing that YEP responded to her request for documents and within 30 days of her request. *See* Mot. at 8. The declaration is outside the four corners of the complaint and thus cannot be considered at 12(b)(6).

That being said, the Court takes note that, in her opposition brief, Ms. Ezeokoli for the first time provides more specifics about this claim. For example, she specifies that YEP failed to provide *complete* records, such as the complete employee handbook, disciplinary policies, and documentation related to leave balances. *See* Opp'n at 6-7. She also gives an example of how YEP altered records (although it is not clear how an alleged alteration of records would constitute a violation of the specific statutes at issue). *See* Opp'n at 7 ("Plaintiff specifically alleges that Defendant added approximately thirteen hours of vacation time to Plaintiff's October 16 through October 31, 2025 timecard after Plaintiff had already reviewed and initialed the document. . . . Plaintiff subsequently discovered that vacation hours had been added, resulting in an inaccurate representation that Plaintiff had exhausted available leave and possessed no remaining vacation balance. Plaintiff alleges that this altered vacation accounting was later relied upon by Defendant when denying Plaintiff's October 31 leave request and when justifying Plaintiff's termination.").

Because the nature of the alleged wrongdoing in Count 3 (as pled) is somewhat vague, the Court dismisses the claim but shall – as above – give Ms. Ezeokoli leave to amend.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants YEP's motion to dismiss all claims. However, dismissal is with leave to amend. **Ms. Ezeokoli has until October 19, 2026, to file an amended complaint.** If Ms. Ezeokoli fails to timely file an amended complaint, then the Court shall automatically dismiss her case **with** prejudice.

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

For Ms. Ezeokoli's benefit, the Court notes that the District's website has a section to assist pro se litigants (*i.e.*, individuals who represent themselves). *See generally* https://cand.uscourts.gov/representing-yourself (last visited 8/20/2026). The section includes information about the Legal Help Centers (San Francisco/Oakland and San Jose). The District's Pro Se Handbook is also available to help pro se litigants. *See* https://cand.uscourts.gov/representing-yourself/pro-se-handbook (last visited 8/20/2026).

This order disposes of Docket No. 17.

**IT IS SO ORDERED**.

Dated: August 21, 2026

EDWARD M. CHEN
United States District Judge